United States District Court
Southern District of Texas
**ENTERED**
November 09, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MEDORA CHETLIN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-1986 |
| § | |
| EXXON MOBIL OIL CORPORATION, § | |
| § | |
| Defendant. § | |

## ORDER

Pending before the Court is the Memorandum and Recommendation of the United States Magistrate Judge (Doc. No. 19) and Plaintiff Chetlin's ("Plaintiff") objections to that ruling (Doc. No. 20). Having considered the objections and issues *de novo*, the Court hereby overrules Plaintiff's objections as to the Memorandum and Recommendation's conclusion that the benefits decision was proper and supported by the administrative record, and **ADOPTS** the Memorandum and Recommendation.

Plaintiff objects that the Memorandum and Recommendation erred by concluding: (1) Exxon Mobil Oil Corporation ("Exxon") is not the proper defendant; (2) the benefits determination was correct; and (3) the motion for summary judgment should be granted and Plaintiff's claims should be dismissed with prejudice rather than remanding the matter to the plan administrator. (Doc. No. 20 at 1).

Plaintiff claims that Exxon, Plaintiff's ex-husband's former employer, sent letters to Plaintiff at one point in time about processing benefit claims and the relevant appeals procedure. (*Id.* at 2). Plaintiff argues that these letters establish or at least raise a fact issue as to whether Exxon controlled the plan and is therefore the proper defendant. (*Id.*). See *LifeCare Mgmt. Servs.*

*LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 845 (5th Cir. 2013) ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan"); *Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 349 (2003) (summarizing Circuit trends to allow plan beneficiaries to sue employers when it was the employer's decision to deny benefits and when the employer is the plan sponsor). The Court notes that whether Exxon is the proper defendant is not the only determinative issue. While Plaintiff claims that the fact that Exxon sent letters to Plaintiff about the available benefits creates a fact issue as to whether Exxon is the proper defendant, the Court need not decide that issue, because as explained below, there is no evidence that Plaintiff was not offered the correct amount of benefits. (*See id.* at 2).

The Court adopts the Memorandum and Recommendation and overrules the Plaintiff's objections to the benefit determination and dismissal of the claims. Plaintiff argues that she was unable to develop the administrative record, and as a result, the Magistrate Judge should have both remanded the case to properly ascertain the record and also disregarded the benefit determination. (Doc. No. 20 at 3–4). In particular, Plaintiff contends that the benefit plan in effect during Plaintiff's ex-husband's employment was not in the record, and maintains that there is a possibility that the correct benefits determination could depend on the original plan terms. (*Id.*).

The Court finds, however, that Plaintiff had time to resolve any speculation about the record during the course of this litigation. Plaintiff had the opportunity to develop the record, particularly if she thought a previous plan should have governed the benefits or other payroll information, but she failed to do so. As the Memorandum and Recommendation summarized, to assert a claim for benefits under ERISA, "a plaintiff must identify a *specific plan term* that confers the benefits in question." (Doc. No. 19 at 11) (emphasis added). The Court agrees with the Memorandum and Recommendation that Plaintiff failed to present any evidence beyond

2

speculation as to the terms of any previous plan to survive a motion for summary judgment. (*Id.* at 11–12).

Therefore, with the qualification that Exxon might possibly be the proper defendant, the Court adopts the Memorandum and Recommendation of the Magistrate Judge (Doc. No. 19). The Court finds that Plaintiff is entitled only to benefits which represent the total refund of the decedent's contribution plus the interest payable on that contribution each year, which as of August 1, 2019 was $3,311.96.[1] (*Id.* at 6). Defendant's Motion for Summary Judgment (Doc. No. 10) is GRANTED.

SIGNED at Houston, Texas this 9th day of November, 2020.

Andrew S. Hanen
United States District Judge

---

[1] Obviously, this sum will continue to accrue interest until paid.